IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. MALONE, # B-52858, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )  Case No. 16-cv-00974-NJR ) |
| UNKNOWN PARTY, | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff William Malone, who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 that was severed into nine separate cases pursuant to a Memorandum and Order entered by the Court on August 29, 2016. *See Malone v. Lashbrook, et al.*, No. 16-cv-200-SMY (S.D. Ill. 2016) ("original case") (Doc. 1, instant case). The instant case addresses a single claim asserted by Plaintiff in his original complaint, *i.e.*, Count 5 – Plaintiff's claim that one or more unidentified Pinckneyville officials denied him access to the prison law library and/or the courts between November 2013 and January 2014 and in February and April 2015 (Doc. 1, p. 9, instant case). In connection with this claim, Plaintiff seeks compensatory and punitive damages.

Count 5 is now subject to preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss the newly-severed claim, if it is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by

law is immune from such relief. 28 U.S.C. § 1915A(b). Count 5 does not survive preliminary review under this standard and shall therefore be dismissed.

## The Complaint

Although Plaintiff's complaint spans ninety pages, the statement of claim consists of only two pages (Doc. 2, pp. 13-14). There, Plaintiff lists numerous constitutional violations that occurred at Pinckneyville between 2013 and 2015. In connection with these claims, Plaintiff names more than fifty-four defendants. The only allegations that pertain to Plaintiff's access-to-courts claim are stated, in their entirety, below:

> 11/29/13 through 1/7/14 – No Library Access
>
> * * *
>
> 2/14/15 – Admin. Forced Plaintiff to Slide On Buttock Up 2 Flight of Stairs to Receive Law Library or No Access. Broke Elevator.
>
> * * *
>
> 4/14/15 – Admin. Refused Plaintiff Access to Law Library & Deadlines.

(*Id.*).

Plaintiff filed seventy-five pages of exhibits. Some of them may relate to Plaintiff's access-to-courts claim. At this juncture, the Court is unable to tell. Plaintiff did not refer to any of these exhibits in his two-page statement of claim (*id.*).

## Discussion

Prisoners have a constitutional right to access the courts. *Love v. Scaife*, 586 F. App'x 234, 235-36 (7th Cir. 2014) (citing *Bounds v. Smith*, 430 U.S. 817, 821, 823 (1977); *Lehn v. Holmes*, 364 F.3d 862, 865-66 (7th Cir. 2004)). Prison authorities are required to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Love*, 586 F. App'x at 236

(citing *Bounds*, 430 U.S. at 828). In some instances, the denial of access to the prison's law library gives rise to an access-to-courts claim. *Wilks v. Rymarkiewicz*, No. 16-1371, 2016 WL 3964136 (7th Cir. July 22, 2016) (citing *Marshall v. Knight*, 445 F.3d 965, 968-69 (7th Cir. 2006)).

In order to state a claim, Plaintiff must demonstrate that his lack of access to the prison's law library caused him to suffer an actual injury. *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Devbrow v. Gallegos*, 735 F.3d 584, 587 (7th Cir. 2013). In other words "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall*, 445 F.3d at 968. To survive screening, the claim must be "described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Love*, 586 F. App'x at 236 (citing *Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009)).

The allegations offered in support of this claim are threadbare. Plaintiff not only failed to describe the scope of the deprivation (*i.e.* both frequency and duration), but he also failed to identify a single legal claim that was lost because he could not access the prison's law library. Plaintiff did not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations are insufficient to satisfy this standard.

Moreover, the complaint identifies no particular defendant in connection with this claim. Plaintiff merely alleges that "[a]dmin." denied his request for law library access. "Admin" is not a person who is subject to liability under § 1983.

Section 1983 creates a cause of action based on personal liability and predicated upon fault. *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). To be liable, "an individual defendant must have caused or participated in a constitutional deprivation." *Id*. In other words, the doctrine of *respondeat superior*, or supervisory liability, does not apply. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citing *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Therefore, Plaintiff cannot proceed with a claim against supervisory officials, such as "admin," simply by naming them in the complaint. He must identify a person, even if only in generic terms (*e.g.*, John and/or Jane Doe), who was personally involved in denying his request(s) for law library access and thereby defeating a nonfrivolous legal claim.

The allegations offered in support of Count 5 are woefully inadequate to support an access-to-courts claim against the unidentified defendants. Accordingly, this claim shall be dismissed without prejudice. However, Plaintiff is granted leave to file an amended complaint if he would like to revive this claim. The Court's instructions and deadline for doing so are set forth in the below disposition.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 5**, the only claim at issue in this severed case, is **DISMISSED** without prejudice against Defendant **UNKNOWN PARTY(IES)** for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a First Amended Complaint in this case **on or before November 1, 2016**. Should Plaintiff fail to file his First Amended Complaint within the allotted time, dismissal of this action will become with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, a "strike" will be assessed. *See* 28 U.S.C. § 1915(g).

Should Plaintiff decide to file an amended complaint in this District, it is strongly recommended that he use the forms designed for use in this District for such actions. He should be careful to label the pleading, "First Amended Complaint," and he must list *this* case number (Case No. 16-974-NJR) on the first page.

Plaintiff shall specify *by name* (even if only in generic terms) each defendant alleged to be liable for denying him access to the law library and the courts, as well as the actions taken by each defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his amended complaint. Claims found to be unrelated will be further severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that *this* dismissal shall <u>not</u> count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint.

Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Finally, the First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 4, 2016**

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**