IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. MALONE, <br> # B-52858, <br><br>                **Plaintiff,** <br><br> vs. <br><br> UNKNOWN PARTY, <br><br>                **Defendant.** | ) <br> ) <br> ) <br> ) <br> )    Case No. 16-cv-00974-NJR <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On August 29, 2016, this case was severed from another civil rights action that Plaintiff William Malone filed pursuant to 42 U.S.C. § 1983 on February 23, 2016. *See Malone v. Fritts, et al.*, Case No. 16-cv-00200-SMY (S.D. Ill.) ("original case"). This case addresses a single claim ("Count 5") in the original case against one or more unidentified officials at Pinckneyville Correctional Center ("Pinckneyville") who denied Plaintiff access to the prison law library and/or the courts between November 2013 and January 2014 and in February and April 2015 (Doc. 1, p. 9, instant case). In connection with this claim, Plaintiff requested compensatory and punitive damages against the defendant(s) (*id.*).

Count 5 did not survive preliminary review under 28 U.S.C. § 1915A, and this Court dismissed it without prejudice on October 5, 2016 (*see* Doc. 6). However, Plaintiff was granted leave to file an amended complaint on or before November 1, 2016, if he wished to re-plead his claims against the unknown defendant(s) (*id.*).

The deadline for filing an amended complaint has now passed. Plaintiff did not file an amended complaint in this case. He also failed to request an extension of the deadline for doing so. The Court will not allow this matter to linger indefinitely.

Accordingly, the action is hereby **DISMISSED with prejudice**, based on Plaintiff's failure to comply with a court order (*see* Doc. 6). *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051

(7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, this dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: November 8, 2016

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**